UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| CYNTHIA DIANE WALKER-BUTLER,  )<br>  )<br>          PLAINTIFF  )<br>  )<br>v.  )<br>  )<br>CAROLYN W. COLVIN, ACTING  )<br>COMMISSIONER OF SOCIAL SECURITY  )<br>ADMINISTRATION,  )<br>  )<br>          DEFENDANT  ) | CIVIL NO. 2:16-CV-01-DBH |

**DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS**

The issue here is how to interpret a Social Security Act provision that allows judicial review of the Commissioner's final disability benefits decision "within sixty days after the mailing to [a claimant] of notice of such decision," 42 U.S.C. § 405(g), when the decision to be reviewed is a decision on remand from an earlier judicial review.

On an initial application for benefits, a claimant unhappy with an Administrative Law Judge's (ALJ) decision must request review by the Appeals Council. The Appeals Council may also decide to review an ALJ decision without a request. Either way, the claimant receives a mailed notice of what the Appeals Council has done, even if it is only a refusal to review the ALJ decision. By regulation, the Commissioner has adopted a five-day presumed receipt of notice measured from the date of mailing of these notices. 20 C.F.R. § 422.210(c). Each of these is a "final decision" of the Commissioner to which the sixty-days-from

mailing language and the five-day addition are easy to apply. But the Commissioner has adopted different procedures for cases that have previously gone to federal court and have been remanded for further proceedings. In those cases, once the ALJ makes a new decision there is no requirement that the claimant again seek Appeals Council review, only the possibility that the Appeals Council might intervene on its own. The Appeals Council has sixty days from the ALJ's decision to do so, and if it does nothing within the sixty days, that ALJ decision then automatically becomes the "final decision of the Commissioner." 20 C.F.R. § 404.984. There is no further mailed notice after the ALJ decision becomes the Commissioner's final decision.

Although the statutory language does not fit well, the only sensible reading in these remand cases is that the mailing provision and the five-day window no longer have a role, since the claimant received the mailed notice of the ALJ's decision at the outset. Therefore, once the ALJ decision automatically becomes the final decision on the sixty-first day without any further mailing, section 405(g) allows only another sixty days for the claimant to file her claim in court. In this case, those time limits mean that this claimant's case is time-barred under 42 U.S.C. § 405(g), and I therefore **GRANT** the Commissioner's motion to dismiss.

### PROCEDURAL BACKGROUND

This court previously remanded the claimant Cynthia Diane Walker-Butler's social security disability insurance benefits claim for further administrative proceedings. Hart Decl. (Decl.) at 3 (ECF No. 6-1). Thereafter, on

August 27, 2015, an ALJ issued a partially favorable decision on her claim. Id. The Appeals Council took no action on the ALJ's decision. Unsatisfied with the ALJ's decision of the ALJ, the plaintiff filed this lawsuit on January 4, 2016, seeking judicial review under 42 U.S.C. § 405(g). (ECF No. 1). The Commissioner moved to dismiss the lawsuit as untimely. (ECF No. 6).

## TIMELINESS

> Any individual, after any *final* decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced *within sixty days after the mailing to him of notice of such decision* or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g)(emphasis added). The regulation governing cases remanded to an ALJ from federal court states that "when a case is remanded by a Federal court for further consideration, the decision of the administrative law judge [becomes] the final decision of the Commissioner after remand on [the] case unless the Appeals Council assumes jurisdiction of the case." 20 C.F.R. § 404.984(a). The Appeals Council may assume jurisdiction over the case for up to sixty days after the ALJ makes her decision on remand. 20 C.F.R. § 404.984(c). But if the Appeals Council does not assume jurisdiction, the ALJ's decision automatically becomes the final decision of the Commissioner. 20 C.F.R. § 404.984(d).

In this case, the ALJ issued a decision on August 27, 2015. Decl. at 3. The Commissioner says that because the Appeals Council chose not to assert jurisdiction within sixty days of the ALJ's decision on August 27, 2015, the ALJ's decision became the final decision of the Commissioner on October 27, 2015.

3

The Commissioner argues that section 405(g) therefore required the claimant to file any lawsuit challenging the ALJ's decision by December 28, 2015.[1]  Def.'s Mem. in Supp. of Mot. to Dismiss at 2 (ECF No. 6).  The claimant disagrees, asserting that the deadline was January 4, 2016.  Pl.'s Resp. at 1-2 (ECF No. 7).  She bases her argument on 20 C.F.R. § 422.210(c), which provides:

> For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

The plaintiff reasons that because there is a presumed five-day grace period to account for mailing the Appeals Council's decision to a claimant when the Appeals Council rejects a claimant's request for review or issues its notice of decision, there is implicitly a five-day window tacked onto the end of the sixty-day period that makes an ALJ's decision the Commissioner's final decision on remand when the Appeals Council does *not* assume jurisdiction.  Pl.'s Resp. at 1-2.  Under that reasoning, the plaintiff's sixty days to file a civil action would not start to run until November 2, 2015,[2] and her deadline to file would be January 4, 2016.[3]  Id.

Unfortunately for the claimant, 20 C.F.R. § 422.210 is a regulation that deals with judicial review of *initial* final decisions, not final decisions on remand.

---

[1] Def.'s Mem. in Supp. of Mot. to Dismiss at 1-2 (ECF No. 6).  The sixty-day window to file a civil action challenging that final decision would normally end on December 26, 2015, but because that day was a Saturday, the deadline was Monday, December 28, 2015.  Id.

[2] Adding the five-day window to August 27, 2015 and the sixty-day time period provided by 42 U.S.C. § 405(g) would result in a date of November 1, 2015.  The plaintiff asserts that because November 1, 2015, was a Sunday, no notice could have been delivered until Monday, November 2, 2015.  Pl.'s Resp. at 2 (ECF No. 7).

[3] Sixty days after November 2, 2015 was Friday, January 1, 2016.  Because this was a federal holiday, the deadline would become Monday, January 4, 2016.  Pl.'s Resp. at 2.

4

Under section 422.210, there is always a decision by the Appeals Council that is mailed to the claimant—either a decision altering the ALJ's decision or a decision denying the claimant's request for review. There the five-day extension for notice of the decision makes sense.

I cannot agree with the plaintiff's argument to apply section 422.210 to remand cases. First, the regulation the claimant relies upon does not apply to a case on remand, but only to a "notice of denial of request for review . . . or notice of the decision by the Appeals Council." Id. Here, the Appeals Council played no role in the claimant's case on remand. Second, the claimant received her notice of what the ruling was far earlier, soon after the ALJ made the decision. True, she did not then know whether that would be the final decision of the Commissioner, but she learned of that development without any further mailing, merely by the passing of sixty days without the Appeals Council assuming jurisdiction. 20 C.F.R. § 404.984(d). There is simply no reason to apply the five-day grace period that the Commissioner has created for initial final mailed decisions.[4] Moreover, the Supreme Court has cabined the scope of 42 U.S.C. § 405(g): "the 60-day limit is a statute of limitations, it is a condition on the waiver of sovereign immunity and thus must be strictly construed." Bowen v. City of New York, 476 U.S. 467, 479 (1986). See also Coggeshall Development Corp. v. Diamond, 884 F.2d 1, 3 (1st Cir. 1989) (stating that "when Congress attaches conditions to legislation waiving the sovereign immunity of the United

---

[4] The claimant cannot succeed merely on the mailing requirement (the ALJ mailed the decision on August 27, 2015); she needs the regulation's five-day window as well for her lawsuit to be timely.

States, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied") (quoting Block v. North Dakota, ex rel. Bd. Of Univ. and School Lands, 461 U.S. 273, 287 (1983)).

I am aware of one federal district court case with facts similar to those presented here, Harris v. Colvin, No. 3:15-cv-5575-RBL, 2015 WL 9302910 (W.D. Wash. Dec. 12, 2015).[5] In that case the Commissioner argued that the plaintiff missed the filing deadline by three days, but the plaintiff argued "that the ALJ's decision is not presumed to be received until five days after the date of the decision, and therefore that the decision [is] not final until 60 days after the presumed receipt." Id. at *1. Harris found that "the date of the finality of the decision is not dependent on the date of plaintiff's receipt of the decision, because the 60-day deadline for action is the Administration's, not the plaintiff's." Id. I agree with the Harris Court's reasoning.

I conclude, therefore, that the plaintiff's filing was untimely.[6] There is no unfairness here. In the ALJ Notice of Decision, the Commissioner provided clear notice to the claimant of the time limits:

> If you do not file written exceptions and the Appeals Council does not review my decision on its own, my decision will become final on the 61st day following the date of this notice. After my decision becomes final, you will have 60 days to file a new civil action in Federal district court. You will lose the right to a court review if you do not file a civil action during

---

[5] Other courts reviewing cases where a claimant missed the filing deadline by more than half a year have acknowledged that a claimant's window to challenge an ALJ's remand decision in federal court where the Appeals Council does not assert jurisdiction is 61-121 days after the date of the ALJ's decision. See, e.g., Lambert v. Colvin, Civil Action No. 14-1204, 2015 U.S. Dist. LEXIS 25997, *10-11 (W.D. La. Jan. 13, 2015); Carol v. Astrue, No. Civ. 08-960-SLR, 2009 WL 2601315, *2 (D. Del. Aug. 24, 2009).
[6] The claimant has made no claim for equitable tolling and apparently no request to the Appeals Council to extend her time.

6

> the 60-day period starting with the day my decision becomes final.

Mot. to Dismiss Ex. 1 at 2.

## CONCLUSION

The Commissioner's motion to dismiss for untimeliness is **GRANTED**.

**SO ORDERED.**

**DATED THIS 13TH DAY OF MAY, 2016**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**